Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J), rendered May 2, 2012. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree.
*1294 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of sexual abuse in the first degree (Penal Law § 130.65 [3]). Contrary to defendant’s contention, the record establishes that he knowingly, voluntarily and intelligently waived the right to appeal (see generally People v Lopez, 6 NY3d 248, 256 [2006]), and that valid waiver forecloses any challenge by defendant to the severity of the sentence (see id. at 255; see generally People v Lococo, 92 NY2d 825, 827 [1998]; People v Hidalgo, 91 NY2d 733, 737 [1998]).
We reject defendant’s further contention that his plea of guilty was not knowingly, intelligently and voluntarily entered. “ ‘Here, defendant’s belated and conclusory allegations of innocence in support of the motion [to withdraw the plea] are belied by the plea colloquy’ ” (People v Nelson, 66 AD3d 1430, 1430 [2009], lv denied 14 NY3d 772 [2010]), as is defendant’s conclusory and unsupported allegation made in his pro se supplemental brief that his attention deficit hyperactivity disorder rendered him unable to understand the proceedings (see People v Brooks, 89 AD3d 747, 747-748 [2011], lv denied 18 NY3d 955 [2012]). Moreover, the requirements of the Sex Offender Registration Act are collateral consequences of a guilty plea (see People v Magliocco, 101 AD3d 1724, 1724 [2012]), and the potential termination of parental rights with respect to biological children is not an automatic consequence of being convicted of a sex offense or having to register as a sex offender (see generally Matter of Afton C. [James C.], 17 NY3d 1, 10-11 [2011]). Thus, County Court was not required to advise defendant of those matters at the time of the plea. Present — Scudder, RJ., Smith, Fahey, Sconiers and Valentino, JJ.